BOGGS, Circuit Judge,
concurring in part and dissenting in part.
While the majority correctly reads the Supreme Court’s holding in Davis v. Ayala, 576 U.S. -, 135 S.Ct. 2187, 192 L.Ed.2d 323 (2015), it incorrectly concludes that it has no application to this case. Ayala stands for the proposition that federal courts must give heightened deference to a state court’s harmless-error determination when evaluating that decision on habeas review. Id. at 2197. Where a state court has “adjudicated on the merits” a prisoner’s alleged constitutional error and found it harmless, a federal court may not grant habeas relief unless the state court decision was “contrary to, or involved an unreasonable application of’ the Supreme Court’s holding in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Id. at 2198 (quoting the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)). This is a substantially more deferential standard than the one we employed when we initially affirmed the district court’s grant of habe-as relief in Langford v. Warden, 593 Fed. Appx. 422, 427-33 (6th Cir. 2014).
Recognizing that its announcement in Ayala would have potential ramifications for this case, the Supreme Court vacated our decision in Langford and remanded the case to us for further consideration. *390 See Hooks v. Langford, - U.S. -, 135 S.Ct. 2888, 192 L.Ed.2d 919 (2015) (mem.). The Supreme Court frequently engages in this practice in order to “call[ ] the panel’s attention to [Supreme Court] opinions highlighting the necessity of deference to state courts in § 2254(d) habeas cases.” Cavazos v. Smith, 565 U.S. 1, 132 S.Ct. 2, 7, 181 L.Ed.2d 311 (2011). The majority ignores this directive, instead concluding that Ayala does not apply because there was no state review of harmless error.-As the Ohio Court of Appeals makes clear, however, it did adjudicate the harmless-error issue. The court’s opinion plainly states that “[t]he jury could not have been misled by the charge given, nor could it have found Langford guilty based upon an error in the jury charge.” State v. Langford, 2010 WL 3042185, at *5 (Ohio Ct. App. Aug. 5, 2010) (emphasis added). Thus, the Ohio court concluded, “[n]o reversible error is present with respect to the jury charge or complicity.” Ibid. That the state court’s treatment of the issue is brief has no bearing on whether or not it reached the merits—we are required to “pre-sumen that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.” Jackson v. Smith, 745 F.3d 206, 210 (6th Cir. 2014) (quoting Harrington v. Richter, 562 U.S. 86, 99, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). That presumption can only be overcome “when there is reason to think some other explanation for the state court’s decision is more likely.” Richter, 562 U.S. at 99-100, 131 S.Ct. 770. As the Ohio court’s language demonstrates, Lang-ford cannot make this showing.
Thus, so long as “fairminded jurists could disagree” on the correctness of the state court’s decision, we are required to give it deference, even if we might decide the case differently on de novo review. Id. at 101, 131 S.Ct. 770 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). As my dissent in our initial decision in Langford demonstrates, see 593 Fed.Appx. at 438-41, Langford cannot overcome this deferential standard on appeal. Therefore, I respectfully dissent.